**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS GEORGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:10-cv-586 (EL)** |
| **v.** | ) | |
| | ) | **Electronically Filed** |
| **WILLIAM REHIEL, *et. al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## THE UNITED STATES' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States hereby moves to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted. A memorandum of law has been filed in support of this motion and a proposed order tendered for the Court's convenience.

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

THOMAS JOHNSON
Assistant United States Attorney

PAUL KAUFMAN
Assistant United States Attorney

ANN M. RAVEL
Deputy Assistant Attorney General

TIMOTHY P. GARREN
Director, Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

KELLY HEIDRICH
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 7146 Washington, D.C.  20044
Phone: (202) 616-4371
Email: Kelly.Heidrich@usdoj.gov

Attorneys for John Doe 1, John Doe 2, Jane Doe 3, John Doe 4, John Doe 5, and the United States

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ben Wizner (admitted pro hac vice)
Jonathan Manes (admitted pro hac vice)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
bwizner@aclu.org
jmanes@aclu.org

Mary Catherine Roper (PA No. 71107)
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
Phone: (215) 592-1513 ext. 116
mroper@aclupa.org

David Rudovsky (PA No. 15168)
Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street
Suite 501S
Philadelphia, PA 19106
Phone: (215) 925-4400
drudovsky@krlawphila.com


Dated:  October 5, 2010                    *s/ Kelly Heidrich*
                                           Kelly Heidrich
                                           Trial Attorney, Torts Branch
                                           UNITED STATES DEPARTMENT OF JUSTICE
                                           CIVIL DIVISION
                                           P.O. Box 7146, Ben Franklin Station
                                           Washington, DC 20044
                                           (202) 616-4371 (phone)
                                           (202) 616-4314 (fax)
                                           Kelly.Heidrich@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NICHOLAS GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-586-EL |
| | ) | |
| WILLIAM REHIEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## THE UNITED STATES' MOTION TO DISMISS

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

THOMAS JOHNSON
Assistant United States Attorney

PAUL KAUFMAN
Assistant United States Attorney

ANN M. RAVEL
Deputy Assistant Attorney General

TIMOTHY P. GARREN
Director, Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

KELLY HEIDRICH
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 7146 Washington, D.C.  20044
Phone: (202) 616-4371
Email: Kelly.Heidrich@usdoj.gov

Attorneys for John Doe 1, John Doe 2, Jane Doe 3,
John Doe 4, John Doe 5, and the United States

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

 I. Mr. George's Claims for Relief Against the United States Should Be Dismissed.. . . . . 3

  A. The Fourth and Fifth Claims for Relief should be dismissed.. . . . . . . . . . . . . 5

   1. The initial detention by the TSA defendants is not actionable under the
    FTCA.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   2. The JTTF defendants did not participate in the "false arrest" and their
    questioning was lawful.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

  B. The Sixth Claim for Relief should be dismissed because Mr. George has not
   alleged that the federal defendants were involved in the tortious acts.. . . . 8

  C. The Seventh Claim for Relief should be dismissed because the federal
   defendants were not involved in the actions described... . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## CASES

*Armstrong v. Geithner*,
    610 F.Supp. 2d 66 (D.C.Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Coulter v. Department of Homeland Security*,
    Civ. Action No. 074894, 2008 WL 4416454 (D.N.J. Sept. 24, 2008 ). . . . . . . . . . . . . 6

*Dep't of the Army v. Blue Fox, Inc.*,
    525 U.S. 255 (1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Donnelly v. O'Malley*,
    No. 3:CV-08-1945, 2009 WL 3241662 (M.D.Pa. Oct. 2, 2009). · · · · · · · · · · · · · · · · 10

*Edmonds v. United States*,
    436 F.Supp.2d 28 (D.D.C. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*FDIC v. Meyer*,
    510 U.S. 471 (1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. Sawyer*,
    47 F.3d 716 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kokinda v. Breiner*,
    557 F.Supp.2d 581 (M.D.Pa. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lakits v. York*,
    258 F.Supp.2d 401 (E.D.Pa. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Langman Eng'g and  Envtl Serv., Inc. v. Greenwich Ins. Co.*,
    No. 07-2983, 2008 WL 940803 (D.N.J. April 7, 2008).. . . . . . . . . . . . . . . . . . . . . . 2, 6

*Larsen v. Philadelphia Newspapers, Inc.*,
    543 A.2d 1181 (Pa. Super. 1988).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Matsko v. United States*,
    372 F.3d 556 (3d Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Metz v. United States*,
    788 F.2d 1528 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Olender v. Twp. of Bensalem*,
    32 F.Supp.2d 775 (E.D.Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pension Benefit Guar. Corp. v. White Consolidated Indus.*,
    998 F.2d 1192 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Pittsburgh v. W.Penn Power Co.*,
    147 F.3d 256 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Renk v. City of Pittsburgh*,
    641 A.2d 289 (Pa. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rusoli v. Salisbury Twp.*,
    126 F.Supp.2d 821 (E.D.Pa. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Strickland v. University of Scranton*,
    700 A.2d 979 (Pa.Super.Ct. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*United States v. Burton*,
    288 F.3d 91 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Mitchell*,
    463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Orleans*,
    425 U.S. 807 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Urran v. Children's Service Center of Wyoming County, Inc.*,
    578 A.2d 8 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Welch v. Huntleigh USA Corp.*,
    No. 04-663, 2005 WL 1864296 (D.Or. Aug. 4, 2005) . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES

28 U.S.C. §§ 1346(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2680. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 10, 11, 12

28 U.S.C. § 2840. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

## RULES

Federal Rule of Civil Procedure 12(b)(6)...............................................................2, 5, 7

## MISCELLANEOUS

Restatement (Second) of Torts, §652E (1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Charles Alan Wright & Arthur Miller, Federal Practice & Procedure, Civil, § 1357. . . . . . . .  2, 6

## INTRODUCTION

Plaintiff Nicholas George has filed a Complaint naming the United States and five federal defendants in their individual capacities, alleging *Bivens* claims against the individual defendants and four common law tort claims against the United States under the Federal Tort Claims Act ("FTCA"). The United States now moves to dismiss Mr. George's Fourth, Fifth, Sixth, and Seventh Claims for Relief against it for failure to state a claim.[1] Mr. George's FTCA claims should be dismissed because he has failed to state a claim for the torts of false arrest, false imprisonment, assault and battery, and false light against the United States.

## RELEVANT FACTS[2]

On August 29, 2009, plaintiff Nicholas George arrived at Philadelphia International Airport. He was scheduled to fly to Ontario International Airport in California on Southwest Airlines, where he would begin his senior year at Pomona College. Mr. George checked in, received his boarding pass, and proceeded to the security screening area, where he passed through the metal detectors. He was then asked to step aside and wait for additional security screening. *See Compl.* ¶ 16-22.

Doe Defendants 1 and 2, both TSA officers,[3] performed the additional security screening. They asked Mr. George to step into the secondary screening area, a glass enclosure next to the

---

[1] Doe Defendants 1 through 5 are filing a Motion to Dismiss concurrently herewith.

[2] For purposes of the Motion to Dismiss only, all facts as alleged in the complaint are accepted as true. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 261, 374 n. 7 (3d Cir. 2002).

[3] Doe Defendants 1, 2, and 3 are part of the Screening Passengers by Observation Techniques (SPOT) Program at the Philadelphia Airport.

1

metal detector, where he was asked to empty his pockets.  His pockets contained a set of

handwritten Arabic language flashcards.[4]  While some of the words on the flashcards were

innocuous, the cards also contained the words "bomb," "terrorist," "kidnapping," "explosion,"

"an attack," "battle," "day after tomorrow,"  "to kill," "to target," and "to wound."  In addition,

Mr. George had recently traveled to Jordan, Sudan, Ethiopia, and Malaysia. *Compl.* ¶ 25, 70.

Doe Defendant 1 or 2 then contacted their supervisor, Doe Defendant 3. *Compl.* ¶ 29.

According to the complaint, Doe Defendant 3 arrived some minutes later and questioned Mr.

George regarding the cards and a book on American foreign policy found in his carry-on bag. Mr.

George claims he told Doe Defendant 3 that he had the flashcards because he was studying

Arabic in college. *Compl.* ¶ 40. The complaint states that after approximately fifteen minutes of

questioning by Doe Defendant 3 - questioning which Mr. George characterizes as "hostile and

aggressive," *Compl.* ¶ 37 - defendant Officer Rehiel of the Philadelphia Police Department

arrived, placed Mr. George in handcuffs, and led him to the airport police station. *Compl.* ¶ 42-

43. He was informed that he was being taken "for extra screening." *Compl.* ¶ 46. Mr. George,

---

[4]A copy of the flashcards recovered from Mr. George's pockets is attached at Appendix A. In
reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may
consider the allegations of the complaint, as well as documents attached to or specifically
referenced in the complaint without converting the motion into a motion for summary judgment.
*See, e.g. Pittsburgh v. W.Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *In re Burlington
Coat Factory Sec. Litig.* 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v.
White Consolidated Indus.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *Langman Engineering and
Environmental Services, Inc. V. Greenwich Insurance Company*, 2008 WL 940803 (D.N.J.); *see
also* 5B Charles Alan Wright & Arthur Miller, Federal Practice & Procedure, Civil, § 1357 (3d
ed. 2004 & 2010 Supp.). Thus, the Court may consider these flashcards without converting the
present motion to a motion for summary judgment because Mr. George repeatedly references the
existence of the flashcards and states that he was detained "solely because he passed through an
airport screening checkpoint with a set of Arabic-English flashcards." *See Compl.* ¶ 1, 24, 26.

however, states that he was "handcuffed and arrested by Officer Rehiel at approximately 2:20 in the afternoon." *Compl.* ¶ 49. At the airport police station, he was placed in a holding cell while "the Philadelphia police officers . . . called various federal and state agencies including the [Joint Terrorism Task Force] . . . in order to arrange for Mr. George to be interrogated while in custody." *Compl.* ¶ 63.

Two Joint Terrorism Task Force ("JTTF") Officers, Doe Defendants 4 and 5, arrived approximately two hours later.  Doe Defendants 4 and 5 inspected Mr. George's carry-on luggage, then brought him to an interview room. *Compl.* ¶ 64. They interviewed Mr. George for approximately thirty minutes, asking questions about his personal and educational background, his religious and political beliefs, and whether he had met any persons "overtly against the U.S. government" while traveling overseas. *Compl.* ¶ 67, 70, 71. They then informed him that they had determined that he was not a threat and that he was free to leave. *Compl.* ¶ 73. According to Mr. George, he was released about seven p.m., approximately five hours after his initial screening by the TSA defendants. *Compl.* ¶ 74.

Mr. George returned to the airport terminal.  Because he had missed his flight, he was rescheduled on a flight the following day. *Compl.* ¶ 80.

## ARGUMENT

### I. Mr. George's Claims for Relief Against the United States Should Be Dismissed.

Mr. George's FTCA claims against the United States for false imprisonment and false arrest, assault and battery, and false light should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because he has failed to state a claim upon which relief may be granted. The actions Mr. George attributes to the individual federal defendants fail to suggest any federal

3

involvement in the torts of false imprisonment, false arrest, battery and false light, and this Court

lacks jurisdiction over the claims for false imprisonment and false arrest because United States

has not waived its sovereign immunity for those torts.

Absent a waiver, sovereign immunity shields the federal government and its agencies

from suit. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *FDIC v. Meyer*, 510

U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature, and the court's jurisdiction

is defined by the terms of the United States' consent to be sued. *See Meyer*, 510 U.S. at 475 (The

"terms of [the United States'] consent to be sued in any court define that court's jurisdiction to

entertain the suit") (internal citation omitted); *United States v. Mitchell*, 463 U.S. 206, 212

(1983) ("It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite of jurisdiction."); *Matsko v. United States*, 372 F.3d 556,

558 (3d Cir. 2004) ("Only if the FTCA waives sovereign immunity would the District Court have

jurisdiction over the claims."). The FTCA is a limited waiver of sovereign immunity, making the

federal government liable to the same extent as a private party for certain torts committed by

federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2674;

*United States v. Orleans*, 425 U.S. 807, 813 (1976).

Of particular relevance here, for purposes of the waiver, federal employees are "officers

or employees of any federal agency." 28 U.S.C. § 2671. Sovereign immunity is not waived for

claims involving assault, battery, or other intentional torts by federal employees unless the actor

was a law enforcement officer - employees of administrative agencies like TSA thus do not come

within the exception. 28 U.S.C. § 2680(h) (the "intentional tort exception"); *Matsko*, 372 F.3d at

560. For the torts that are recognized, the FTCA looks to the tort law of the state where the claim

arose to determine if the tort was committed. 28 U.S.C. § 1346(b)(1).

Because the United States may not be held liable for torts committed by individuals who

are not federal employees, there is no cause of action against the United States arising out of acts

Mr. George attributes to the Philadelphia Police defendants. Accordingly, when evaluating

whether the United States may be liable to Mr. George under the FTCA, this Court may only

consider: (1) the actions attributed to Doe Defendants 1 through 3 during the initial, 45-minute

screening; and (2) the 30-minute interview conducted by Doe Defendants 4 and 5 after they

arrived at the airport police station.

A. The Fourth and Fifth Claims for Relief should be dismissed.

In his Fourth and Fifth Claims for Relief, Mr. George claims that the United States is

liable for the torts of false arrest and false imprisonment because his "detention and

imprisonment was without probable cause or any other lawful grounds." *Compl.* ¶ 84, 85. These

claims should be dismissed because they are barred by intentional tort exception of the FTCA,

the individual federal defendants were not responsible for the "false arrest" or "false

imprisonment," and the 30 minute detention Mr. George attributes to the JTTF defendants was

lawful.

1. The initial detention by the TSA defendants is not actionable under the FTCA.

The Fourth and Fifth Claims for Relief are not cognizable under the FTCA because they

are barred by the intentional tort exception, which retains the immunity of the United States in

cases involving "[a]ny claim arising out of assault, battery, false imprisonment, false arrest . . .

libel [and] slander[.]" 28 U.S.C. § 2680(h).  While such claims "may proceed if they are based on

the acts or omissions of law enforcement officers of the United States Government . . . . airport

security screeners do not constitute investigative or law enforcement officials within the meaning

of the FTCA." *Coulter v. Department of Homeland Security*, Civ. Action No. 074894, 2008 WL

4416454 * 7 (D.N.J. Sept. 24, 2008 ) (internal citation and quotations omitted); *see also Matsko*,

372 F.3d at 560 ("employees of administrative agencies, no matter what investigative conduct

they are involved in, do *not* come within the § 2840(g) exception."). Airport security screeners

are not law enforcement officers because they "d[o] not have the authority to execute searches,

seize evidence, or make arrests for violation of federal law*." Coulter*, 2008 WL 4416454 *7

(*citing Welch v. Huntleigh USA Corp.*, No. 04-663, 2005 WL 1864296 *5 (D.Or. Aug. 4, 2005)).

Screeners do not have the authority to arrest individuals, and must therefore call law enforcement

officers to search, seize, and arrest individuals if illegal items are found. *Id.*

Accordingly, because the United States retains immunity for any claim for false arrest or

false imprisonment arising out of Mr. George's initial detention by the TSA defendants, the

Fourth and Fifth Claims for Relief should be dismissed.

2. The JTTF defendants did not participate in the "false arrest" and their questioning was lawful.

Mr. George also attributes a 30-minute period of his detention to Doe Defendants 4 and 5,

the JTTF defendants. While the JTTF defendants are law enforcement officers for purposes of

the law enforcement exception, the Fourth and Fifth Claims for relief are barred because they did

not participate in Mr. George's "arrest" and their investigation was supported by reasonable

suspicion.

To determine whether the United States may be held liable for an alleged tort, the FTCA

looks to the tort law of the state where the claim arose. 28 U.S.C. § 1346(b)(1). In Pennsylvania,

6

"false arrest and false imprisonment are essentially the same claim." *Kokinda v. Breiner*, 557

F.Supp.2d 581, 593 (M.D.Pa. 2008) (*quoting Olender v. Twp. of Bensalem*, 32 F.Supp.2d 775,

791 (E.D.Pa. 1999)). A false arrest is "an arrest made without probable cause" or "an arrest made

by a person without a privilege to do so." *Rusoli v. Salibury Twp.*, 126 F.Supp.2d 821, 869

(E.D.Pa. 2000) (*quoting McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa.Cmwlth.1997). There are

two elements to a claim of false imprisonment: detention of another person, and unlawfulness of

such detention. *See, e.g., Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). An

investigatory detention is lawful if it is supported by reasonable suspicion, which may be based

on the collective knowledge of the officers involved in an investigation. *See United States v.

Burton*, 288 F.3d 91, 99 (3d Cir. 2002) ("An officer can lawfully act solely on the basis of

statements issued by fellow officers if the officers issuing the statements possessed the facts and

circumstances necessary to support a finding of the requisite basis.") (*quoting Rogers v. Powell*,

120 F.3d 446, 453 (3d. Cir. 1997)); *see also United States v. McCrae*, 336 Fed. Appx. 301, 305

(4th Cir. 2009); *United States v. Ramirez*, 473 F.3d 1026, 1037 (9th Cir. 2007) ("Where one

officer knows facts constituting reasonable suspicion or probable cause (sufficient to justify

action under an exception to the warrant requirement), and he communicates an appropriate order

or request, another officer may conduct a warrantless stop, search, or arrest without violating the

Fourth Amendment.").

The JTTF defendants were not present while the Philadelphia Police defendants

handcuffed Mr. George, led him to the airport police station, and put him in a cell. Mr. George

himself concedes as much, stating that he was "handcuffed and arrested by Officer Rehiel[.]"

*Compl.* ¶ 49. Accordingly, without conceding that Mr. George was indeed arrested rather than

simply "detained" as defendant Rehiel stated, *see Compl.* ¶ 51, the United States cannot be held

liable because the federal defendants did not participate in the alleged arrest. *Compl.* ¶ 51. As to

the false imprisonment claim, as Mr. George alleges, either Doe Defendant 4 or 5 informed him

that "the police call us to evaluate whether there is a threat." *Compl.* ¶ 73. The JTTF defendants

did not participate in the majority of the detention, but arrived only half an hour before Mr.

George was released to question him. Even if the full period of detention is attributed to the JTTF

defendants, that detention was lawful. The JTTF defendants were entitled to rely on the

determination that an investigation was reasonably required pursuant to the collective knowledge

doctrine, and the facts known to the officers involved established reasonable suspicion.[5]

 Finally, the actual investigation conducted by the JTTF defendants was reasonable.

Pursuant to Pennsylvania law, they were privileged to question Mr. George for law enforcement

purposes. *See Russoli v. Salisbury Twp.*, 126 F.Supp.2d 821, 869 (E.D.Pa. 2000) (false arrest and

false imprisonment claims against law enforcement officers turns on the existence of probable

cause, as there is no Pennsylvania authority that an officer who makes an arrest based on

probable cause may not be privileged to do so). The JTTF defendants questioned Mr. George for

only 30 minutes regarding his flashcards, foreign travel, and political beliefs. *See Compl.* ¶ 63,

68. They then concluded that he did not present a threat, and secured his release. These actions

do not constitute the torts of false arrest or false imprisonment in the state of Pennsylvania, and

the Fourth and Fifth Claims for Relief should be dismissed.

---

[5] While Mr. George complains that their questions ranged far afield from what he considers relevant to criminal activity, the questions the JTTF defendants chose to ask - presumably based on their training and experience - are not relevant to the tort analysis, as there is no tort of "asking questions about being a physics major."

**B. The Sixth Claim for Relief should be dismissed because Mr. George has not alleged that the federal defendants were involved in the tortious acts.**

Mr. George alleges that his "handcuffing, post-arrest patdown and other unauthorized contacts with [his] person, as well as the imminent apprehension of such unauthorized contacts . . . constitute the torts of assault and battery[.]" *Compl.* ¶ 88. To prove a claim of assault under Pennsylvania law, the plaintiff must show that a particular defendant intentionally caused an imminent apprehension of a harmful or offensive bodily contact. *Lakits v. York*, 258 F.Supp.2d 401, 407 (E.D.Pa. 2003). To prove a claim of battery, the plaintiff must show that the particular defendant intended to cause harmful or offensive contact and that such contact resulted. *Id.* A defendant cannot be held liable for assault or battery if "he was not the principal actor, was not present at the scene . . . and did not otherwise specifically cause the [assault or battery] to occur." *Id.*

Because Mr. George has not alleged that any federal employee was involved in the claimed assault or battery, the Sixth Claim for Relief must be dismissed.[6] Mr. George does not claim that Doe Defendants 1, 2, or 3 physically touched him at any point - nor would incidental touching in the course of an airport screening constitute a tort for state law purposes. Instead, they concentrated their physical search on his luggage and belongings, going so far as to ask him to empty his pockets rather than checking his pockets themselves. *Compl.* ¶ 23, 27, 43-45. As to Doe Defendants 4 and 5, Mr. George does not allege that they physically touched him. In addition,

---

[6] Mr. George's Second Claim for Relief for excessive use of force is brought against only defendants Rehiel and Richards. As this claim was presumably brought to seek relief for the handcuffing, the fact that it is brought only against defendants Richards and Rehiel indicates that Mr. George himself recognizes that no federal defendant committed a battery against him. *Compl.* ¶ 82.

while Mr. George states that he was in "imminent apprehension" of unauthorized contact with his person, at no point does he identify an instance in which a federal employee caused such apprehension.  Because no employee of the United States was involved in the complained-of conduct, Mr. George has not alleged facts sufficient to sustain a claim against the United States for the torts of assault and battery under the FTCA.[7]

C. The Seventh Claim for Relief should be dismissed because the federal defendants were not involved in the actions described.

The United States cannot be held liable for the tort of "false light" because Mr. George has not alleged that the federal defendants were involved in the underlying acts. According to Mr. George, the United States is liable for the tort of false light because he was "detained, abusively interrogated, handcuffed, arrested, and forced to walk to the airport police station in plain view of numerous members of the public[.]" *Compl.* ¶ 90.

In Pennsylvania, the tort of false light "includes 'publicity that unreasonably places the other in a false light before the public." *Strickland v. University of Scranton*, 700 A.2d 979, 987 (Pa.Super.Ct. 1997) (*quoting Urran v. Children's Service Center of Wyoming County, Inc.*, 578 A.2d 8, 12 (1990)). "[I]t is only when there is such a major misrepresentation of [the plaintiff's] character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, that there is a cause of action for invasion of privacy." *Id.* at 987.  Pennsylvania courts have also considered the definition of false light in the Restatement (Second) of Torts, which requires that "the false light in which the other was placed would be

---

[7] As discussed *supra*, even had Mr. George alleged that the TSA defendants committed a battery, the United States could not be held liable under the FTCA because battery is excluded by the intentional tort exception. 28 U.S.C. § 2680(h).

highly offensive to a reasonable person," and "the actor had knowledge of or acted in reckless

disregard as to the falsity of the publicized matter and the false light in which the other would be

placed." *Donnelly v. O'Malley*, 2009 WL 3241662 *5 (M.D.Pa. 2009) (*quoting* Restatement

(Second) of Torts, §652E (1997)); *see also Larsen v. Philadelphia Newspapers, Inc.*, 543 A.2d

1181 (Pa. Super. 1988). While Pennsylvania courts have at times discussed the tort of false light

as an invasion of privacy claim (rather than a claim based in libel or slander), false light has

generally been held to fall under the intentional tort exception to the FTCA. *Armstrong v.

Geithner*, 610 F.Supp. 2d 66, 71 (D.C.Cir. 2009) ("False light claims have been generally

recognized as barred by the libel and slander exception of § 2680(h)") (internal quotations

omitted); *Edmonds v. United States*, 436 F.Supp.2d 28, 35 (D.D.C. 2006) (*citing Johnson v.

Sawyer*, 47 F.3d 716, 732 n. 34 (5th Cir. 1995)); *Metz v. United States*, 788 F.2d 1528, 1535 (11th

Cir. 1986).

Here, the fact that Mr. George was questioned by federal employees within the confines of

a screening area and at the airport police station is irrelevant for purposes of the false light claim,

as these incidents did not take place "before the public." *See Strickland*, 700 A.2d at 987. The

Complaint states that after Mr. George emptied his pockets in the secondary screening area, he

was taken from the secondary screening area, a glass enclosure, to a "different screening area."

*Compl.* ¶ 27.  The Complaint provides no details on this "different screening area" at all; thus, it

does not plausibly allege that the TSA defendants questioned Mr. George within view of the

public at all. In addition, the JTTF defendants were not present until the final thirty minutes of the

incident and interviewed Mr. George only within the confines of a private interview room in the

airport police station. *Compl.* ¶ 23, 27, 65.  As to the allegation that he was  "handcuffed . . . and

forced to walk to the airport police station in plain view of numerous members of the public," Mr.

George has not alleged that any federal employee was involved in these acts. Finally, even if the

acts described by Mr. George could be imputed to the TSA defendants, the claim is barred by the

intentional tort exception to the FTCA. *See* 28 U.S.C. § 2680(h). Accordingly, the Seventh Claim

for Relief should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Fourth, Fifth, Sixth, and Seventh Claims for Relief against

the United States should be dismissed for failure to state a claim.

Dated: <u>October 5, 2010</u>                    Respectfully submitted,


ZANE DAVID MEMEGER                    ANN M. RAVEL
United States Attorney                       Deputy Assistant Attorney General

THOMAS JOHNSON                        TIMOTHY P. GARREN
(PA Bar No. 26095)                        Director, Torts Branch, Civil Division
Assistant United States Attorney
615 Chestnut Street, Suite 1250              MARY HAMPTON MASON
Philadelphia, PA 19106                     Senior Trial Counsel, Torts Branch
Thomas.Johnson@usdoj.gov

                                         ***s/ Kelly Heidrich***
PAUL KAUFMAN                          Kelly Heidrich (PA Bar No. 207407)
(PA Bar No. 92805)                        Trial Attorney, Torts Branch
Assistant United States Attorney             U.S. Department of Justice, Civil Division
615 Chestnut Street, Suite 1250              Constitutional and Specialized Tort Litigation
Philadelphia, PA 19106                     P.O. Box 7146, Ben Franklin Station
Paul.Kaufman2@usdoj.gov                  Washington, D.C. 20044
                                         (202) 616-4371 (phone)
                                         (202) 616-4314 (fax)
                                         Kelly.Heidrich@usdoj.gov

ATTORNEYS FOR THE JOHN DOE 1, JOHN DOE 2, JANE DOE 3, JOHN
DOE 4, JOHN DOE 5, AND THE UNITED STATES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ben Wizner (admitted pro hac vice)
Jonathan Manes (admitted pro hac vice)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
bwizner@aclu.org
jmanes@aclu.org

Mary Catherine Roper (PA No. 71107)
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
Phone: (215) 592-1513 ext. 116
mroper@aclupa.org

David Rudovsky (PA No. 15168)
Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street
Suite 501S
Philadelphia, PA 19106
Phone: (215) 925-4400
drudovsky@krlawphila.com


Dated:  October 5, 2010                   *s/ Kelly Heidrich*_____
                                          Kelly Heidrich
                                          Trial Attorney, Torts Branch
                                          UNITED STATES DEPARTMENT OF JUSTICE
                                          CIVIL DIVISION
                                          P.O. Box 7146, Ben Franklin Station
                                          Washington, DC 20044
                                          (202) 616-4371 (phone)
                                          (202) 616-4314 (fax)
                                          Kelly.Heidrich@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        )
NICHOLAS GEORGE,                        )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )        No. 2:10-cv-586-EL
                                        )
WILLIAM REHIEL, *et. al.*,              )
                                        )
        Defendants.                     )
_____)

## <u>ORDER</u>

UPON CONSIDERATION of the Motion to Dismiss Plaintiffs' Complaint by the United States, and the grounds stated therefor, it is on this _____ day of _____, 2010, hereby
        ORDERED that said motion should be and hereby is granted; and it is
        FURTHER ORDERED that all claims against the United States are dismissed with prejudice.

_____
        Senior Judge Edmund V. Ludwig