**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————

|  |  |  |
|---|---|---|
| NICHOLAS GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-586-EL |
| | ) | |
| WILLIAM REHIEL, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

———————————————————————

**UNITED STATES' AND INDIVIDUAL FEDERAL DEFENDANTS'
UNOPPOSED MOTION FOR CLARIFICATION**

The individual federal defendants hereby move for clarification of the Court's September 30, 2011 Order.  Specifically, the individual federal defendants seek clarification: (1) that this Court's September 30 Order intended to deny the qualified immunity arguments raised; and (2) the basis for that denial.  Similarly, the United States  respectfully requests that the Court similarly clarify: (1) whether the Court's September 30, 2011 Order intended to deny the United States' motion to dismiss the FTCA claims for lack of subject matter jurisdiction; and, if so, (2) the basis for that ruling. A memorandum of law has been filed in support of this motion.

Plaintiff does not oppose the individual defendants' motion for clarification.

| | |
|---|---|
| ZANE DAVID MEMEGER | TONY WEST |
| United States Attorney | Assistant Attorney General, Civil Division |
| | |
| MARGARET L. HUTCHINSON | C. SALVATORE D'ALESSIO, JR. |
| Assistant United States Attorney | Director, Torts Branch, Civil Division |
| Chief, Civil Division | |
| | MARY HAMPTON MASON |
| THOMAS JOHNSON | Senior Trial Counsel, Torts Branch |
| Assistant United States Attorney | |
| | KELLY HEIDRICH |
| PAUL KAUFMAN | UNITED STATES DEPARTMENT OF JUSTICE |
| Assistant United States Attorney | P.O. Box 7146 Washington, D.C.  20044 |
| | Phone: (202) 616-4371 |
| | Email: Kelly.Heidrich@usdoj.gov |

ATTORNEYS FOR THE UNITED STATES AND INDIVIDUAL FEDERAL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ben Wizner (admitted pro hac vice)
Jonathan Manes (admitted pro hac vice)
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
bwizner@aclu.org
jmanes@aclu.org

David Rudovsky (PA No. 15168)
Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street
Suite 501S
Philadelphia, PA 19106
Phone: (215) 925-4400
drudovsky@krlawphila.com

Mary Catherine Roper (PA No. 71107)
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
Phone: (215) 592-1513 ext. 116
mroper@aclupa.org

Molly M. Tack-Hooper
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000 (phone)
MTack-Hooper@bm.net

Dated:  October 14, 2011

*s/ Kelly Heidrich*
Kelly Heidrich
Trial Attorney, Torts Branch
United States Department of Justice, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
(202) 616-4371 (phone)
(202) 616-4314 (fax)
Kelly.Heidrich@usdoj.gov

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        )
NICHOLAS GEORGE,                        )
                                        )
    Plaintiff,                          )
                                        )
        v.                            )          No. 2:10-cv-586-EL
                                        )
WILLIAM REHIEL, *et. al.*,              )
                                        )
    Defendants.                         )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'**
**AND INDIVIDUAL FEDERAL DEFENDANTS'**
**UNOPPOSED MOTION FOR CLARIFICATION**

On September 30, 2011, after noting that "Federal defendants United States of America,

*et al.*, move to dismiss the action for failure to state a claim, Fed. R. Civ. P. 12(b)(6)," this Court

concluded that the amended complaint alleges "claims for relief that are 'plausible on [their]

face,' Ashcroft v. Iqbal, 129 S. Ct. 1397, 1949 (U.S. 2009) (quoting Bell Atl. Corp. Twombly,

550 U.S. 544, 570 (2007)).  Both the United States of America and certain named individual

federal employees are defendants in this litigation.  Both filed dispositive pre-discovery motions.

In their first responsive pleading, each of the individual federal defendants claimed qualified

immunity.  *See* Individual Federal Defendants' Motion to Dismiss, Doc. No. 26, 10/5/2010;

Federal Defendants' Reply to Plaintiffs' Response to Motion to Dismiss, Doc. No. 35, 11/30/10.

Indeed, it was their principal defense.  No mention was made of qualified immunity in the

Court's Order of September 30, 2011.[1]

---

[1]The Court's Memorandum was dated September 30, 2011, but filed on October 3, 2011.

Qualified immunity is intended to shield officials from the burdens of litigation as much as liability and damages.  See Anderson v. Creighton, 483 U.S. 635, 638 (1987).  It thus provides "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Accordingly, the Supreme Court has repeatedly stressed that qualified immunity defenses should be resolved at the earliest possible stage of litigation. See, e.g., Hunter v. Bryant, 502 U.S. 224 (1991) (per curiam); Anderson, 483 U.S. at 638 (1987); Mitchell, 472 U.S. at 524; Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir. 2005).

The Supreme Court has made clear that this Court must examine the existence and parameters of the right allegedly violated "in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201 (2001); Ashcroft v. Al-Kidd, 131 S. Ct. 2074, 2084 (reversing 9th Circuit Court of Appeals and noting "we have repeatedly told courts . . . not to define clearly established law at a high level of generality").  Moreover, an individual defendant is liable only for his own actions, not the actions of others; therefore, "a plaintiff must plead and prove that each Government-official defendant, through the officials own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  Accordingly, and recognizing that both liability and qualified immunity are individual matters, the Third Circuit has stated that "in a multi-defendant case, the district court should analyze the specific conduct of each Defendant with respect to the constitutional right at issue." Estate of Smith v. Marasco, 318 F.3d 497, 511 (3d Cir. 2003) (citation and quotation marks omitted) (emphasis added).

The Court's September 30, 2011 Order does not contain any analysis of the allegations against the individual officers.  Indeed, none of the officers is even mentioned, and their conduct

4

is never discussed.  Instead, the Court, in a single sentence, ruled that the amended complaint

shows a "plausible" claim - presumably against all of the individual federal defendants and the

United States collectively.  The Court does not analyze whether the individual conduct of each

federal officer violated a constitutional right, and it does not opine on whether the constitutional

right at issue was clearly established at the time they acted.[2]  See Pearson v.Callahan, 129 S.Ct.

808, 818 (2009); Curley v. Klem, 499 F.3d 199, 206-08 (3d Cir. 2007).

     The denial of qualified immunity in a case like this one is a final decision, and is

therefore immediately appealable.  See Johnson v. Jones, 515 U.S. 304 (1995).  Because the

United States is a party to this litigation, the individual defendants would have 60 days to file a

notice of appeal.  Fed. R. App. P. 4(a)(1)(B).  Before filing any notice of appeal, the individual

federal defendants therefore seek clarification of the Court's order, which does not provide them

with the Court's reasoning in rejecting their qualified immunity claims.  The Supreme Court and

Third Circuit have stated that an individual analysis of each defendant's responsibility for each

alleged constitutional violation is required.  The lack of an individualized analysis of the

qualified immunity defense in this Court's Order would make it more difficult for the court of

appeals, as well as the parties, to evaluate the basis for this Court's ruling in any appeal.

Accordingly, the individual defendants are filing this motion to clarify: (1) that this Court's

September 30 Order intended to deny the qualified immunity arguments raised; and (2) the basis

---

[2]    This is particularly significant in this matter, because the plaintiff here sues two groups of federal individual defendants, the three Transportation Security Administration officers who were involved in the airport screening and the two FBI task force members who later interviewed him.  There is no allegation that the FBI task force members were involved in the initial decision to detain plaintiff.  To the contrary, shortly after arriving, they said that he should be released.

for that denial.  The individual federal defendants therefore respectfully move the Court to clarify its September 30, 2011 Order and to explain its decision with respect to the denial of qualified immunity.

The United States is also studying this Court's decision denying the motion to dismiss the Federal Tort Claims Act claims against the United States, and is considering whether to ask this Court to certify its decision for immediate appeal under 28 U.S.C.§ 1292(b), should such an appeal be authorized by the Solicitor General.  The United States respectfully requests that the Court similarly clarify: (1) whether the Court's September 30 Order intended to deny the United States' motion to dismiss the FTCA claims for lack of subject matter jurisdiction; and, if so, (2) the basis for that ruling.

Dated: <u>October 14, 2011</u>

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

TONY WEST
Assistant Attorney General, Civil Division

THOMAS JOHNSON
(PA Bar No. 26095)
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Thomas.Johnson@usdoj.gov

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

***s/ Kelly Heidrich***

PAUL KAUFMAN
(PA Bar No. 92805)
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Paul.Kaufman2@usdoj.gov

Kelly Heidrich (PA Bar No. 207407)
Trial Attorney, Torts Branch
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4371 (phone)
(202) 616-4314 (fax)
Kelly.Heidrich@usdoj.gov

ATTORNEYS FOR THE UNITED STATES AND INDIVIDUAL FEDERAL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, a copy of the foregoing **Motion for Clarification** was served by ECF notification, upon the following:

Ben Wizner (admitted pro hac vice)
Jonathan Manes (admitted pro hac vice)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
bwizner@aclu.org
jmanes@aclu.org

Mary Catherine Roper (PA No. 71107)
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
Phone: (215) 592-1513 ext. 116
mroper@aclupa.org

David Rudovsky (PA No. 15168)
Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street
Suite 501S
Philadelphia, PA 19106
Phone: (215) 925-4400
drudovsky@krlawphila.com

Molly M. Tack-Hooper
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000 (phone)
MTack-Hooper@bm.net

Dated:  October 14, 2011       _*s/ Kelly Heidrich*_
                               Kelly Heidrich
                               Trial Attorney, Torts Branch
                               United States Department of Justice, Civil Division
                               P.O. Box 7146, Ben Franklin Station
                               Washington, DC 20044
                               (202) 616-4371 (phone)
                               (202) 616-4314 (fax)
                               Kelly.Heidrich@usdoj.gov