IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS GEORGE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM REHIEL, et al. | : | NO. 10-586 |

**MEMORANDUM**

Ludwig, J.                                                                                                April 10, 2012

This is an action for money damages for an alleged unlawful search and seizure at the Philadelphia Airport by federal and state personnel employed by the Transportation Security Administration (TSA), Philadelphia Police Department (PPD), and the Federal Bureau of Investigation's Joint Terrorism Task Force (JTTF). Jurisdiction is federal question, 28 U.S.C. §§ 1331, 1343(a)(3), 1346(b).

On September 30, 2011, the motion to dismiss of the individual federal defendants because of qualified immunity (doc. no. 26) was denied, see order-memorandum opinion October 28, 2011 (doc. no. 43); and they appealed.[1] On November 30, 2011, this action was placed in civil suspense pending the appeal's resolution.

Plaintiff Nicholas George now moves to reactivate this case and proceed with discovery (doc. no. 56). Federal appellant defendants object.[2]

---

[1] The United States' motion to dismiss because of sovereign immunity was also denied, Fed. R. Civ. P. 12(b)(6) (Orders, doc. nos. 40, 43). The complaint appeared to state claims for relief that were "plausible on [their] face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). The United States did not appeal.

[2] State defendants PPD officers William Rehiel and William Edwards, Jr. do not object.

1

On February 10, 2010, as amended on August 17, 2010, plaintiff filed suit against the individual federal defendants under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the state defendants under 42 U.S.C. § 1983. The complaint also pleads liability of defendant the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, for the state common law torts of its employees and agents – false arrest and imprisonment, assault and battery, and false light invasion of privacy.

The tipping point of plaintiff's motion to proceed with discovery despite the qualified immunity appeal is that regardless of the outcome of that issue the case will remain litigable at least on the § 1983 and FTCA claims. The same evidence and witnesses will be discoverable.

Plaintiff on qualified immunity: it is "'a right to immunity *from certain claims*, not from litigation in general.'" Pl. br. at 5, doc. no. 56, quoting <u>Behrens v. Pelletier</u>, 516 U.S. 299, 312 (1996) (emphasis in original). And delay may cause substantial prejudice because of loss of evidence and witnesses' recollection.

Individual federal defendants' position: To uphold the interests of qualified immunity, the stay of discovery in this case should include all issues inasmuch as the evidence is inseparable. These defendants quote <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1953, 1954 (U.S. 2009) for the all-inclusive need to protect government officials – regardless of the presence of non-immune defendants.

2

Iqbal dismissed the complaint because it was insufficient under Fed. R. Civ. P. 8 to state a claim, which disentitled plaintiff to the right of any discovery. 129 S. Ct. at 1954. It is not authority for broadening the defense of qualified immunity to include the other claims in this case. Galarza v. Szalczyk, Nos. 10-6815, 11-4988, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) (Perkins, M.J.). Here, the stay on appeal does not cover the § 1983 claims against defendants Rehiel and Edwards or the FTCA claims against the United States.

To ask the Court of Appeals to resolve this conflict on what amounts to interlocutory review, when as a virtual certainty the same discovery matters cannot now be finally decided, is hardly a logical or desirable result.

Two Pennsylvania District Courts have authorized discovery proceedings during the pendency of similar appeals. Galarza, supra; Seeds of Peace Collective v. City of Pittsburgh, No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010) (Lancaster, C.J.). Plaintiff also cites numerous cases from other jurisdictions, four of which were decided after Iqbal.[3]

---

[3] Plaintiff also cites: In re Scott ex. rel. Simmons v. United States, No. 10cv1578 TCM, 2011 WL 1791824 (E.D. Mo. May 10, 2011); S.D. ex. rel. A.J.D., &.M.P. ex rel. O.J.P. v. St. Johns County Sch. Dist., No. 3:09-cv-250-J-20TEM, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009); Charvat v. NMP, LLC, No. 2:09-cv-209, 2009 WL 3210379 (S.D. Ohio Sept. 30, 2009); Cabral v. County of Glenn, No. 2:08-cv-00029-MCE-DAD, 2009 WL 1911692 (E.D. Cal. July 1, 2009). See also Pl. br. at 6-7 & n.1, doc. no. 56 (collecting cases).

Considering all of the interests involved, practicality, as well as fairness, weighs in favor of granting plaintiff's motion.

An order accompanies this memorandum.

BY THE COURT:

/s/  Edmund V. Ludwig
Edmund V. Ludwig, J.